**COMJD**
THE ALLISON LAW FIRM CHTD.
Noah G. Allison (Bar #6202)
3191 East Warm Springs Road
Las Vegas, Nevada 89120-3147
Tel     (702) 933-4444
Fax    (702) 933-4445
noah@allisonnevada.com
*Attorneys for Fisk Electric Company*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FISK ELECTRIC COMPANY, a Texas corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>ARCHER WESTERN CONTRACTORS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.:<br><br><br>**FISK ELECTRIC COMPANY'S COMPLAINT FOR BREACH OF CONTRACT**<br><br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff FISK ELECTRIC COMPANY, a Texas corporation ("Fisk"), alleges as follows:

**PARTIES**

1.   Plaintiff Fisk is, and at all times herein mentioned was, a corporation duly formed, existing, and organized under the laws of the State of Texas, with its headquarters located in Houston, Texas.  At all times Fisk was authorized to conduct business in Nevada and was licensed by the Nevada State Contractors Board to perform the work alleged herein.

2.   Fisk is informed and believes and thereon alleges that ARCHER WESTERN CONTRACTORS, LLC, formerly known as ARCHER WESTERN CONTRACTORS, LTD. ("Archer Western") is, and at all times herein mentioned was, a Delaware limited liability company, with its principal place of business believed to be located in Illinois.  Fisk is informed and believes and thereon alleges that the members of Archer Western are all citizens of the State of Illinois.  Fisk is informed and believes and thereon alleges that Archer Western was authorized to conduct business in Nevada and was licensed by the Nevada State Contractors Board to perform the work alleged herein.

3. DOES 1 through 50, inclusive, are sued herein under fictitious names. Fisk is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOE 1 through 50, inclusive. When their true names and capacities are ascertained, Fisk will amend this Complaint by inserting their true names and capacities herein. Fisk is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some fashion legally responsible for Fisk's damages. Fisk is informed and believes further, and thereon alleges that each of said fictitiously named DOE Defendants 1 through 50, inclusive, and each of them, was the agent, partner, alter ego, employee and/or servant of Defendants, acting within the scope of such agency, partnership, alter ego and/or employment, and with the permission and consent of each of the other defendants, and each is in some manner legally responsible for, and proximately caused, any injuries and damages to Fisk alleged herein, and/or each otherwise has an interest in the matters adjudicated herein.

4. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was acting within the scope of such agency and employment.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this action is predicted on 28 USC §1332, diversity between Fisk and all defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue lies within this district in accordance with 28 USC §1391 as the contract at issue herein was executed and performed in this District.

## FACTUAL ALLEGATIONS

7. This case arises out of the construction of a federally funded public works project commonly known as the "New ATCT and Tracon at McCarran International Airport" in Las Vegas, Nevada ("Project"). The Project replaced the airport's outdated Air Traffic Control Tower ("ATCT") and Terminal Radar Approach Control ("Tracon") facilities, allowing for future growth to support expanding regional air traffic and to house training facilities for the regional United States Federal Aviation Administration ("FAA") air traffic controllers.

8. Fisk is informed and believes and thereon alleges that on or about August 20, 2010, Archer Western entered into a written contract ("Prime Contract") with the federal government, through

the FAA, to construct the Project.

9. On or about April 7, 2011, Archer Western and Fisk entered into a written Subcontract Agreement ("Fisk Subcontract") pursuant to which Fisk agreed to furnish certain labor, materials, and equipment required by the Prime Contract for the Project's electrical and low voltage systems, including fire alarms, telephone systems, and antenna systems. The scope of work performed by Fisk on the Project is more fully described in the Fisk Subcontract, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit A**. The original value of the Fisk Subcontract was Four Million Eight Hundred Twenty Thousand Dollars ($4,820,000).

10. Fisk is informed and believes and thereon alleges that the Project began construction in mid-2011, with planned completion scheduled for mid-2013, to enable the FAA to begin operations in 2014. The Project's original Prime Contract value was $40,229,000. Ultimately, the Project's completion was delayed by 760 days; the FAA took occupancy in July 2015, and began operations in 2016. Fisk is informed and believes and thereon alleges that the FAA issued change orders to Archer Western granting time extensions for 166 days of FAA admitted responsible delay, and contract increases to the Prime Contract of $11,034,960 for the delays as well as for added and changed scope.

11. Fisk was impacted by the multiple delays caused on the Project and the additional work required to complete the Fisk Subcontract. As a result, Fisk has been damaged and files this suit to recover its damages against Archer Western.

12. In addition, on August 1, 2020, the Parties entered into a tolling agreement, as amended, concerning the claims of Fisk ("Tolling Agreement"). The tolling agreement was entered to provide Archer Western the opportunity to seek compensation from the government for the claims of Fisk. Archer Western failed to achieve such compensation, largely because the claims were dismissed due to Archer Western's failure to present the claims in a timely and proper fashion, which further damaged Fisk.

//
//
//
//

# FIRST CAUSE OF ACTION

**(For Breach of Written Contract against Archer Western, and DOES 1 through 50, inclusive)**

13. Fisk re-alleges each and every allegation contained in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. Pursuant to the terms of the Fisk Subcontract, after receiving the Notice to Proceed and at the request of Archer Western and DOES 1 through 50, inclusive, Fisk furnished labor, equipment, and materials that were used and intended to be used for Project.

15. Under the terms of the Fisk Subcontract, Archer Western and DOES 1 through 50, inclusive, agreed to pay Fisk the subcontract sum. In addition, Archer Western and DOES 1 through 50, inclusive, expressly agreed to compensate Fisk for extra work required due to changed conditions, and for delays, disruption, and acceleration of the work of Fisk and its subcontractors and suppliers.

16. On numerous occasions during construction, Archer Western and DOES 1 through 50, inclusive, made and/or directed changes in the work, interfered with the work of Fisk, and changes in conditions were discovered, all of which changed the nature and scope of the work and services anticipated in the Fisk Subcontract. As a result, Fisk incurred additional expense and defendants Archer Western and DOES 1 through 50, inclusive, ordered, directed, authorized, and required that Fisk provide additional work and services. Compensation for said extra work and expense is provided for in the Fisk Subcontract.

17. Since commencing its work on the Project, Fisk has suffered substantial delays, extra work, disruption, and acceleration due to causes beyond Fisk's control. In addition, Fisk has been compelled to dedicate additional staff to work increased hours and substantial overtime on the Project, without being compensated therefor.

18. Fisk provided notice to defendants Archer Western and DOES 1 through 50, inclusive, of the delay, extra work, disruption, and acceleration as it occurred. As a result of the change orders, extra work, delays, disruption, and acceleration, there is currently due and owing to Fisk a sum of no less than $6 million, including unpaid portions of the original Fisk Subcontract.

19. Defendants Archer Western and DOES 1 through 50, inclusive, breached the Fisk

Subcontract by, among other things,

    a.    failing to pay Fisk the full amount due and owing for the labor, materials, equipment, and incidentals furnished by Fisk for the Project pursuant to the Fisk Subcontract and said written change orders, extra work, delays, disruption, and acceleration;

    b.    failing to complete precedent work necessary to allow Fisk to timely perform its scope of work;

    c.    failing to timely process Fisk's payment requests and make payments to Fisk in direct violation of the Fisk Subcontract;

    d.    failing to timely process and pay Fisk's change order requests;

    e.    failing to timely submit contract claims to the FAA, resulting in the rejection of valid claims;

    f.    failing to release retention proceeds; and

    g.    Asserting arbitrary and groundless offset claims against Fisk.

20.    In addition, Fisk has been damaged by Archer Western's failure to properly and. timely assert Fisk's claims in Archer Western's proceedings with the FAA, thus causing additional delay and damage to Fisk.

21.    Fisk has performed all covenants, obligations, and conditions precedent or concurrent to be performed by it pursuant to the Fisk Subcontract, except to the extent that the performance of such covenants, obligations, and conditions have been excused or prevented by the acts or omissions of Defendant Archer Western and DOES 1 through 50, inclusive.

22.    Fisk has performed all covenants, obligations, and conditions precedent or concurrent to be performed by it pursuant to the Tolling Agreement, except to the extent that the performance of such covenants, obligations, and conditions have been excused or prevented by the acts or omissions of Defendant Archer Western and DOES 1 through 50, inclusive.  Those obligations expired in the calendar year 2020, so this lawsuit is now filed.

23.    As a direct and/or proximate result of such breaches and others by Archer Western and DOES 1 through 50, inclusive, Fisk was required to and did incur damages in an amount to be proven at time of trial, but at least in the sum of $6,181,928, including, but not limited to, the cost of furnishing

the labor, materials, equipment, and incidentals for the Project.

WHEREFORE, Fisk prays as follows:

1. For actual damages in an amount subject to proof at trial;

2. For prejudgment interest on the sums due Fisk at the maximum rate permitted by law;

3. For Fisk's costs of suit herein; and

4. For such further relief as the Court deems just and proper.

DATED this  28th  day of December, 2020.

THE ALLISON LAW FIRM CHTD.

By: _____
Noah G. Allison (Bar #6202)
3191 East Warm Springs Road
Las Vegas, Nevada 89120-3147
*Attorneys for Fisk Electric Company*